UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

Eastern District of Kentucky
**FILED**
APR - 5 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-224 (WOB)

RICHARD YOUNG                                                    PLAINTIFF

VS.                       JURY INSTRUCTIONS

SEARS ROEBUCK & CO.                                              DEFENDANT

## INTRODUCTION

It is illegal for an employer to terminate someone because of his age or Family Medical Leave Act ("FMLA") rights.

To prevail in this case, plaintiff must prove by a preponderance of the evidence that one or more of these illicit reasons was a motivating factor in his termination by defendant. It does not have to be the only factor.

You are not to substitute your judgment for the defendant's business judgment or decide this case based upon what you would have done. However, you may consider the reasonableness or lack of reasonableness of the defendant's business judgment, along with all the other evidence, in determining whether defendant discriminated or did not discriminate against the plaintiff.

**COMPENSATORY DAMAGES**

You may award compensatory damages for injuries that plaintiff proves by a preponderance of the evidence were caused by unlawful conduct.

The damages that you award, if any, must be fair compensation. You may award damages for any pain, suffering or mental anguish that plaintiff experienced as a consequence of defendant's unlawful acts. No legal evidence of the monetary value of such things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the legal evidence presented at trial. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You may not award damages based on sympathy, speculation or guess work. On the other hand, the law does not require that plaintiff prove his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## SPECIAL VERDICT

1. Has the plaintiff proved by a preponderance of the evidence that either of the following was a motivating factor that made a difference in the defendant's decision to terminate his employment:

   (A)  Age                    Yes ___    No  X

   (B)  FMLA Retaliation       Yes  X     No ___

280                              _____
                                 Foreperson

If you answered "no" to both parts of Question 1, stop here and return this form to the court security officer.

If you answered "yes" to any part of Question 1, please proceed to the next Question.

4

REVISED QUESTION NO. 2

A) If you found age was a motivating factor in plaintiff's discharge, please answer the following question: Has defendant proved by a preponderance of the evidence that plaintiff would have been discharged, even if he was younger than 40 years old?

Yes_____                                        No_____

_____

B) If you found retaliation for taking FMLA leave for the knee replacement was a motivating factor in plaintiff's discharge, please answer the following question: Has defendant proved by a preponderance of the evidence that plaintiff would have been discharged, even if he had not taken the FMLA leave?

Yes_____                                        No __X__

#279
#226
#267
233
211
281
#288
#244 )

_____

Note: If you answered either of these questions "No," please go on to the next question. If not, please return to the courtroom.

2. If you answered any part of Question 1 "yes," has the defendant proved by a preponderance of the evidence that it would have terminated plaintiff's employment anyway, regardless of that particular factor?

Yes _____   No _____

_____
Foreperson

If you answered Question 2 "yes," stop here and return this form to the court security officer.

5

3. If you answered Question 2 "no," what sum in damages would reasonably compensate the plaintiff for:

   a) His monetary loss from the date of his termination through today:

   $ _120,000.00_

   b) His monetary loss for a reasonable time in the future (from today):

   $ _120,000.00_

   c) Mental or emotional injury, suffering, humiliation, or embarrassment caused by defendant's discriminatory conduct:

   $ _110,000.00_

   #280    _Jany D Chlcote_

4. If you found in Question 1 that plaintiff's age was a motivating factor in defendant's decision to terminate his employment, has the plaintiff proved by a preponderance of the evidence that the defendant knew or showed a reckless disregard for whether its conduct was forbidden by law?

   Yes _____                                No _____